Lener T. **MILLARD**, Plaintiff-Appellant,

v.

**LA POINTE'S FASHION STORE, INC.,**
Defendant-Appellee.

No. 83–3726.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 17, 1984.

Decided May 9, 1984.

As Amended on Denial of Rehearing and Rehearing En Banc July 3, 1984.

Mark A. Peterson, Klamath Falls, Or., for plaintiff-appellant.

Robert F.L. Trotman, Klamath Falls, Or., for defendant-appellee.

Before MERRILL, FARRIS and PREGERSON, Circuit Judges.

MERRILL, Circuit Judge.

Appellant Lener Millard filed a timely charge with the Equal Employment Opportunity Commission alleging that she had been denied consideration for employment by Appellee, LaPointe's Fashion Store, Inc., on account of her race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The Commission ultimately determined that efforts to resolve the matter were unsuccessful and issued Millard a right-to-sue letter, pursuant to 42 U.S.C. § 2000e–5(f)(1), on July 24, 1981. The letter notified Millard that she had ninety days in which to file a civil action in the appropriate district court. On August 10, 1981, Millard came to the district clerk's office for the United States District Court for the Eastern District of Texas and requested that she be referred to an attorney. No further action was taken by either the clerk's office or Millard for almost ten months. On June 1, 1982, in response to a telephone inquiry by Millard, a law clerk from the District Court referred her to the offices of the East Texas Legal Services. On September 2, 1982, Millard's complaint was filed in the District Court for the Eastern District of Texas. On September 28, 1982, the District Court issued an order transferring venue to the United States District Court of Oregon.

LaPointe filed a Motion for Summary Judgment and a Motion for a More Definite Statement, both of which were opposed by Millard. On December 28, 1982, the District Court found in favor of LaPointe on the Summary Judgment motion and dismissed Millard's claims. In particular, the District Court found that Millard's Title VII claim was time-barred since she did not file her suit within ninety days of her receipt of the right-to-sue letter from the Commission. This appeal followed.

For this appeal, the relevant portion of Title VII, which allows discrimination suits against private parties, provides:

> If a charge filed with the Commission ... is dismissed by the Commission ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge .... Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

42 U.S.C. § 2000e–5(f)(1).

This Court has repeatedly held that the limitation period for filing a civil complaint

is a jurisdictional requirement. *See Cooper v. Bell*, 628 F.2d 1208, 1214 & n. 10 (9th Cir.1980); *Mahroom v. Hook*, 563 F.2d 1369, 1374 (9th Cir.1977), *cert. denied*, 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978); *Wong v. Bon Marche*, 508 F.2d 1249, 1250 (9th Cir.1975). If the aggrieved party does not file an action within the prescribed time limit, federal courts have no power to entertain the action.

In the instant case, Millard filed her complaint over a year after she received the right-to-sue letter. That letter was unequivocal in its notification of the ninety-day limitations period. Millard submits that her request for counsel—made within the ninety-day period—is sufficient to satisfy the requirement that the civil action be brought pursuant to 42 U.S.C. § 2000e-5(f)(1).

It is true that this Court has recently adopted a less rigorous standard for determining the sufficiency of a filing of a civil action for a layman acting *pro se* in a Title VII suit. In *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082 (9th Cir. 1983), we acknowledged that the Title VII requirement that a civil action against the federal government be filed within thirty days, 42 U.S.C. § 2000e-16(c), does not necessarily require the filing of a formal complaint by a *pro se* litigant. We recognized that the purpose of the jurisdictional period was "not to close the courthouse doors on laymen plaintiffs who mistakenly fail to label their filing a 'complaint'", but rather was to quickly facilitate the judicial proceedings. 720 F.2d at 1084. In *Rice* the claimant proceeding *pro se* filed with the district court within the thirty-day period a request for appointment of counsel, including an account of his discrimination claim and the administrative disposition of it.

Despite the liberality with which this Court has come to interpret the jurisdictional filing requirements in Title VII actions, we find that Millard nevertheless failed to file a civil action within the prescribed period. Unlike the action taken by the claimant in *Rice*, the underlying record is ambiguous regarding whether Millard filed anything at all with the District Court. At best, Millard may have tendered her right-to-sue letter when she spoke with the court clerk on August 10, 1981. Even if she had, however, it could not be said that she filed sufficient material with the District Court from which that Court could determine the relevant facts and nature of her claim. *See Baldwin County Welcome Center v. Brown*, —— U.S. ——, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (filing right-to-sue letter with district court did not satisfy requirement that complaint be filed within ninety days); *Mahroom v. Defense Language Institute*, 732 F.2d 1439 (9th Cir. 1984) (letter requesting counsel, coupled with Commission decision and right-to-sue letter sufficient to constitute the filing of a civil action).

The decision of the District Court is AFFIRMED.