**W. Raymond BIRGE, Plaintiff,**

**v.**

**DELTA AIR LINES, INC., Defendant.**

**Civ. A. No. C82–646A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 19, 1984.

Alice M. Montgomery, San Francisco, Cal., for plaintiff.

Gregory L. Riggs, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiff brings this Title VII, 42 U.S.C. § 2000e *et seq.*, action alleging that defendant refused to hire him as a pilot because of his race in January of 1973. Presently pending before the court is defendant's motion to dismiss. The asserted ground for dismissal is plaintiff's failure to file a Complaint within 90 days from his receipt of the Equal Employment Opportunity Commission's ("EEOC's") right-to-sue letter as required by 42 U.S.C. § 2000e–5(f)(1).

**FACTS**

The EEOC issued plaintiff a right-to-sue letter on August 13, 1980, which stated:

IF YOU DECIDE TO SUE, YOU MUST DO SO WITHIN 90 DAYS FROM THE RECEIPT OF THIS NOTICE OF RIGHT TO SUE; OTHERWISE YOUR RIGHT TO SUE IS LOST.

(Exhibit A to motion, ¶ 3) (Capitals in original).[1] According to plaintiff, he received this letter on August 18, 1980.

On November 10, 1980, plaintiff filed his right-to-sue letter with the United States District Court for the Western District of Washington. An affidavit filed with the letter stated that plaintiff had contacted an attorney regarding his case and had been informed that "all of the necessary information" had not been received from the EEOC. The affidavit concluded:

---

**1.** Plaintiff filed his charge of discrimination with the EEOC on or about July 18, 1974. He did not request a right-to-sue letter 180 days later and the right-to-sue letter was only issued after a six-year lapse.

[A]ffiant [plaintiff] wishes to commence his action against Delta Air Lines by the filing of a copy of the Notice of Right to Sue letter. [Plaintiff] will file a complaint in this matter as soon as the necessary information is received.

(*Id.* ). No summons or other court process issued; however, defendant was served with the affidavit.

The court assigned a case number to the filings (C80–508T) despite the absence of a Complaint and apparently did not inform plaintiff that the documents were insufficient to "commence" a civil action.[2]

On October 23, 1981, plaintiff's attorney filed another affidavit similar in content to the November 10, 1980 affidavit, stating that a Complaint would be filed as soon as he received the necessary information from the EEOC. On November 12, 1981, the court on its own motion dismissed the case for failure to prosecute. Upon learning of the dismissal, counsel for plaintiff contacted the Clerk on November 17, 1981, to inquire why the case had been dismissed for lack of prosecution given that plaintiff had just recently filed the "Affidavit of Action." (Exhibit F to plaintiff's memorandum). The Clerk indicated to counsel that she would review the file to see if the dismissal was proper and would also retrieve the Complaint and Summons which had been sent to the court for filing and inadvertently forwarded to another Clerk's office. (*Id.*)

After review of the file and before plaintiff filed a motion to vacate, the court on November 18, 1981, vacated its Order of Dismissal on the ground that it was "erroneously issued." The Order did not expressly determine whether the action had "commenced" as a matter of law upon the November 10, 1980, filing of the right-to-sue letter and affidavit.

Plaintiff's Complaint was subsequently filed on November 20, 1981, 459 days following receipt of the right-to-sue letter. Defendant filed a timely Answer and as-

serted several affirmative defenses, one of which was plaintiff's failure to file a Complaint within the required 90-day period. On March 8, 1982, the case was transferred to this court for venue reasons. On June 27, 1984, the case was transferred from the judge of this court originally assigned to it to the instant judge.

**DISCUSSION**

*A. Timeliness of motion to dismiss*

Plaintiff's initial response to defendant's motion to dismiss is couched in terms suggesting that defendant is guilty of laches in asserting the motion or has waived its right to assert the motion and that, therefore, the motion should be denied. Plaintiff seems to contend that, by not seeking dismissal of the Complaint before answering, or by not asserting this issue in its Motion to Dismiss or Transfer due to improper venue (made before the Washington court), defendant has surrendered its right to raise plaintiff's failure to file a timely Complaint as ground for dismissal. The Federal Rules of Civil Procedure and relevant case law establish that plaintiff's contention is without merit.

■ First, the court considers plaintiff's waiver argument. As for plaintiff's assertion that defendant waived its right to bring the instant motion to dismiss by failing to seek a dismissal of the Complaint before answering, the court finds no procedural rule which *requires* a defendant to present a defense or objection by motion prior to asserting it in a responsive pleading. *Cf.* Fed.R.Civ.P. 12(b) (certain defenses may at the option of the pleader be made by motion before filing a responsive pleading). Thus, defendant did not waive its right to move for dismissal on untimeliness grounds by filing its Answer before its motion to dismiss. *Accord Rice v. New England College*, 676 F.2d 9, 10 (1st Cir. 1982).

■ As for plaintiff's assertion that defendant waived its right to object to the

---

**2.** Plaintiff contends that he discussed his situation with the Clerk of the Washington court and that the Clerk expressly indicated that his filings would suffice to commence a civil action. However, plaintiff fails to introduce admissible evidence to prove this factual contention.

Complaint on untimeliness grounds by omitting this objection from its original motion to dismiss, the court finds that the procedural rule cited by plaintiff fails to support his argument. Rule 12(h)(1) of the Federal Rules of Civil Procedure sets forth the waiver principle upon which plaintiff is relying:

> A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g) ....

Subsection 12(g) in turn provides:

> *Consolidation of Defenses in Motion* .... If a party makes a motion under [Rule 12] but omits therefrom any defense or objection then available to him which *this rule* permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, *except a motion as provided in [Rule 12(h)(2)]* ....

(Emphasis added). Subsection (h)(2) of Rule 12 preserves, among other rights, the right to assert a defense of failure to state a claim upon which relief can be granted:

> A defense of failure to state a claim upon which relief can be granted ... may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

Thus, the defenses of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process are waived if they are omitted from a Rule 12(b) motion; the defense of failure to state a claim upon which relief can be granted is never waived.

The question presented by this case is whether the untimeliness defense raised by defendant, a non-Rule 12 defense, can be waived by failure to consolidate. Because in this circuit, the 90-day filing requirement for commencing a Title VII action is considered akin to a statute of limitations, *see,*

*e.g., Sessions v. Rusk State Hospital,* 648 F.2d 1066, 1069 (5th Cir.1981); *Lewis v. Conners Steel Co.,* 673 F.2d 1240, 1241 n. 2 (11th Cir.1982), the court agrees with plaintiff that the right to assert this defense is subject to waiver. *Cf. Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982) (Title VII requirement of filing a timely charge with the EEOC is akin to a statute of limitations and subject to waiver). However, the court does not find the untimeliness defense waived by failure to consolidate.

Thus far the only waiver principle that has been extended to a statute of limitations defense, a non-Rule 12 defense, is the principle that failure to include the defense in the responsive pleading constitutes a waiver of the right to assert this defense. Fed.R.Civ.P. 12(h)(1)(B). *See, e.g., Wagner v. Fawcett Publications,* 307 F.2d 409 (7th Cir.1962), *cert. denied,* 372 U.S. 909, 83 S.Ct. 723, 9 L.Ed.2d 718 (1963). The court declines to extend the "consolidation waiver" principle of Rule 12(h) to the defense raised by defendant's motion (and thus to statute of limitations defenses) given the express language of Rule 12(g) limiting that waiver principle to certain motions permitted by Rule 12 (i.e., motions to dismiss for lack of personal jurisdiction, for improper venue, and for insufficiency of process or service of process). *See generally* 2A J. Moore and J. Lucas, Moore's Federal Practice ¶ 12.22 (2d ed. 1981). Unlike the failure-to-plead waiver principle, which is drawn not only from Rule 12(h)(1) but also from Rule 8(c), Rule 8(d) and Rule 12(b),[3] the consolidation waiver principle is based only on the express language of Rule 12(g). Because defendant had no reason to expect that it was required to consolidate the instant motion with its motion to dismiss for improper venue, the court declines to apply the consolidation waiver principle to the non-Rule 12 defense in question.

---

**3.** Rule 8(c) and 8(d) concern the requirements to plead affirmative defenses and to deny averments in a preceding pleading; Rule 12(b) reit-

erates the general rule that all defenses be pleaded.

The court does not read *Zipes v. Trans World Airlines, Inc., supra,* as authority supporting the liberal application of the consolidation waiver principle urged by plaintiff. In that case the court merely said that the Title VII administrative filing requirement is subject to waiver without indicating that a broader waiver principle would apply than the one which had been applied in the past to statutes of limitation. 455 U.S. at 393.

■ Turning to plaintiff's laches argument, the court similarly finds no merit in plaintiff's contentions. Plaintiff appears to contend that, because defendant did not make this motion some time ago, plaintiff has lost the evidence which would justify his conduct. Plaintiff blames defendant for the loss of the purported evidence and suggests that defendant is foreclosed from making this motion for that reason.

Plaintiff overlooks one important fact in constructing this argument. Defendant's Second Affirmative Defense to Plaintiff's Complaint states: "The Court lacks jurisdiction over the subject-matter ... because plaintiff failed to bring his action within the specified ninety (90) day period." Hence, from the date defendant filed its Answer (December 18, 1980), plaintiff was on notice of defendant's position that he failed to timely file his Complaint.[4] It became plaintiff's duty to preserve whatever evidence existed to show that plaintiff had timely filed a Complaint or that the filing period should be equitably tolled. Plaintiff cannot now place the blame on defendant for his lack of foresight.

## B. *Estoppel*

■ Plaintiff advances another argument, related to his waiver and laches arguments, to the effect that defendant's failure to respond to his motion to vacate the dismissal for want of prosecution (made before the Washington court) "estops" defendant from making the present motion to dismiss. This argument also fails.

First, there is no evidence that defendant was ever served with the motion. The copy of the motion introduced to this court (Exhibit H to plaintiff's memorandum) bears no certificate of service and defendant's in-house counsel has testified that he has no recollection of ever receiving a copy of the motion and did not know of the motion until June of 1984. (Riggs Affidavit, attached as exhibit A to defendant's reply memorandum).

Second, even if the motion had been served on defendant, defendant's failure to respond is understandable in light of the fact that the court granted the relief requested by the motion the day before the motion was filed; there was no reason to expect defendant to oppose a motion that had already been granted.

In sum, the court does not find that defendant is any way "estopped" from bringing the instant motion to dismiss.

## C. *Mootness of motion*

■ Plaintiff also objects to defendant's motion on the ground that the filing of the Complaint in November, 1981, "relates back" to the filing of the right-to-sue letter and affidavit in November, 1980, such that the issue of whether the Complaint was timely filed is moot. In essence, plaintiff urges that the Complaint be deemed filed on November 10, 1980, within the requisite 90-day filing period.

Based on the "relation back" procedural rule, the court finds this argument unpersuasive. Rule 15(c) of the Federal Rules of Civil Procedure provides:

> Whenever [a] claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the *original pleading,* the amendment relates back to the date of the original pleading.

(Emphasis added). In this case, the original *pleading* was the Complaint; the letter and affidavit do not constitute a "pleading" so the Complaint cannot be considered an

---

**4.** Plaintiff has not argued that because the 90-day period is not jurisdictional, the untimeliness defense was not properly pleaded. Such a form-over-substance argument would be rejected even if it were made. *See Rice v. New England College, supra,* 676 F.2d at 10.

amended pleading. There can be no "relation back" of the Complaint to November, 1980, and, thus, the issue raised by defendant's motion is not moot.[5]

### D. *Res judicata or law of the case*

■ Plaintiff's next argument is that the Washington court's vacation of its Order of Dismissal for want of prosecution is *res judicata* or binding law of the case on the question of the sufficiency of plaintiff's filing. The court does not find this argument persuasive either.

First, the court does not find that the Washington court ever decided the issue of whether plaintiff's filing of the right-to-sue letter and affidavit "commenced" a civil action as a matter of law.[6] The Washington court's action in vacating its Order of Dismissal appears to be purely ministerial. The Local Rules of the Western District of Washington provide for dismissal for want of prosecution after one year of inactivity;[7] the Clerk, believing that one year had passed without any activity, initiated the dismissal process. When plaintiff's counsel pointed out that an affidavit had been filed within the one-year period, the court recognized that the Order of Dismissal had been entered in error and vacated the Order. There is nothing to indicate that the court ever considered defendant's position that no action had been "commenced" as a matter of law as no motion had been filed by defendant, nor does it appear that the court considered plaintiff's arguments that the action had "commenced" as the court vacated the dismissal before receiving plaintiff's brief. The court cannot infer that the court reached a decision on the "commencement" issue without supporting evidence.

■ However, even if the court were to find that the Washington court ruled on the sufficiency of plaintiff's filing, this court would nevertheless be free to reconsider that decision under the law of the case doctrine. While it is true that under that doctrine, when a district judge has rendered a decision in a case and the case is later transferred to another judge, the successor should not ordinarily overrule the earlier decision, the law of the case doctrine also provides that a ruling in a case is subject to modification when it is subsequently found to be erroneous, is no longer sound, or would work an injustice. *See Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir.1983). *See generally* 18 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 4478, at 790 (1981). "The law of the case doctrine is not ... a barrier to correction of judicial error." *Loumar*, 698 F.2d at 762.

Plaintiff's contention that collateral estoppel or *res judicata* applies here evidences a fundamental misunderstanding of those doctrines. Collateral estoppel and *res judicata* prevent the relitigation of factual questions or legal issues decided in

---

**5.** Plaintiff cites *Henderson v. Eastern Freight Ways, Inc.*, 460 F.2d 258 (4th Cir.1972), as support for his relation back argument. As this case has no relevance to Rule 15(c) and the relation back doctrine, the court finds the citation confusing. That case involved a plaintiff who had initiated a Title VII action before receiving a right-to-sue letter from the EEOC, but who had received a "suit letter" before defendant moved to dismiss on that ground. The court held that because plaintiff had "validated the pending action" prior to the motion to dismiss, dismissal was improper. *Id.* at 260. (If plaintiff cited this case for the proposition that he "validated" his action (i.e. corrected any deficiency in his pleading) prior to defendant's motion to dismiss, the court rejects this suggestion; his action was never "validated" if he failed to file a timely Complaint. *See* discussion *infra*.).

**6.** To the extent that plaintiff argues that the court's acceptance of his documents and its assignment of a case number establishes that the court determined that plaintiff had "commenced" a Title VII action, the court finds that these actions do not represent a legal conclusion but rather the acts of clerical personnel more relevant to the issue of equitable estoppel. *See* discussion *infra*.

**7.** Local Rule 41(b) of the United States District Court for the Western District of Washington states:

*Involuntary Dismissal; Effect Thereof.* (1) All cases that have been pending in this Court for more than one year without any proceeding of record having been taken may be dismissed by the Court on its own motion for lack of prosecution.

previous litigation. *See generally* 18 C. Wright, A. Miller, and E. Cooper, Federal Practice and Procedure § 4401 *et seq.* (1981). Unless plaintiff is prepared to concede that the Washington action was *prior, independent litigation,* in which case his Complaint in this court would be clearly untimely, these doctrines do not apply to this case.

### E. *Commencement date*

■ Plaintiff's fourth argument in opposition to defendant's motion to dismiss is that he "commenced" his Title VII action within 90 days following the receipt of the right-to-sue letter as required by 42 U.S.C. § 5000e–5(f)(1) by filing the right-to-sue letter and explanatory affidavit on November 10, 1980.[8]

The court must reject this argument as only the filing of a Complaint "commences" a civil action under the Federal Rules of Civil Procedure, Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court."), even for purposes of Title VII. *Baldwin County Welcome Center v. Brown,* — U.S. —, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam); *Judkins v. Beech Aircraft Corp.,* 745 F.2d 1330 (11th Cir.1984). In *Baldwin County Welcome Center,* the Supreme Court reasoned:

> Because we ... can find no satisfactory basis for giving Title VII actions a special status under the Rules of Civil Procedure, we must disagree with the conclusion of the [Eleventh Circuit] Court of Appeals [that a Title VII action is commenced upon the filing of a right-to-sue letter].

— U.S. at —, 104 S.Ct. at 1725.

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded out of a vague sympathy for particular liti-

gants. As we stated in *Mohasco. Corp. v. Silver,* 447 U.S. 807, 826 [100 S.Ct. 2486, 2497, 65 L.Ed.2d 532] (1980), "[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of even-handed administration of the law."

*Id.* at —, 104 S.Ct. at 1726.

Plaintiff attempts to distinguish *Baldwin County Welcome Center* on the ground that "it was not plaintiff's filing of the right to sue [letter] which was deemed improper. Rather, it was plaintiff's subsequent conduct which rendered her action deficient." (Plaintiff's first memorandum in opposition to defendant's motion, p. 2). Plaintiff suggests that the Supreme Court did not overrule cases holding that the filing of a right-to-sue letter commences a Title VII action. (*Id.,* p. 7). The court must disagree; the Supreme Court's opinion makes clear that it felt that filing a right-to-sue letter does not commence a Title VII action:

> The issue before the Court of Appeals and before this Court is whether the filing of a right-to-sue letter with the District Court constitutes the commencement of an action. The Court of Appeals held that it was and based its judgment on that ground. We reverse that judgment.

*Id.* at —, 104 S.Ct. at 1725 n. 4.[9]

Plaintiff next attempts to distinguish *Baldwin County Welcome Center* on the ground that he filed an *affidavit* in addition to his right-to-sue letter, unlike the plaintiff in that case. While the *Baldwin County Welcome Center* Court did not address the situation where an affidavit or letter describing a plaintiff's claim is filed along with the right-to-sue letter (finding

---

**8.** Plaintiff does not contend that he filed any document which could be labelled a Complaint on November 10. *See Judkins v. Beech Aircraft Corp.,* 745 F.2d 1330 (11th Cir.1984) (filing of EEOC "Charge of Discrimination" considered filing of a Complaint because it contained factual basis for the claim of discrimination); *Rice v. Hamilton Air Force Base Commissary, supra,* (document containing a description of plaintiff's

claim considered a Complaint although it had not been labelled as such).

**9.** To the extent that plaintiff argues that the facts of this case justify equitable tolling of the filing period unlike the facts of the *Baldwin County Welcome Center* case, see discussion *infra.*

that neither of the lower courts had assessed the significance of such a letter, *id.* at ——, 104 S.Ct. at 3752 n. 4), the Court's opinion makes clear that the filing of anything short of a Complaint will not "commence" a Title VII action. *Id.* A Complaint is defined under the Federal Rules of Civil Procedure as a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In this case, plaintiff's affidavit did not describe his claim (other than saying the basis of his action was racial discrimination) and cannot be considered the equivalent of a Complaint. *Cf. Judkins v. Beech Aircraft Corp., supra* (filing of EEOC "Charge of Discrimination" which contained factual basis for discrimination claim considered equivalent of filing a Complaint).

In sum, plaintiff is in the same situation as the *Baldwin County Welcome Center* plaintiff was in and cannot escape the holding of that case based on factual distinctions.

■ Plaintiff's final effort to avoid the mandate of *Baldwin County Welcome Center* is to argue that the case should not be applied retroactively. Specifically, plaintiff argues that an application of the decision to this case, where the right-to-sue letter was filed nearly three and a half years before the decision, would unfairly deprive him of a remedy on the basis of a "superseding legal doctrine that was quite unforseeable." *Chevron Oil Co. v. Huson,* 404 U.S. 97, 108, 92 S.Ct. 349, 356, 30 L.Ed.2d 296 (1971). Plaintiff also argues that an application of *Baldwin County Welcome Center* to this case would "produce substantial inequitable results" because he would be deprived of a remedy for the alleged discrimination by defendant

and, for the same reason, would defeat the purposes of Title VII. *Id.* at 107, 92 S.Ct. at 355.

Addressing plaintiff's first argument, the court finds that it was *not* unforeseeable that at the time plaintiff filed his documents the Supreme Court would later conclude that the mere filing of a right-to-sue letter does not "commence" a Title VII civil action, despite a plaintiff's intentions. Although the issue was an issue of first impression for the Supreme Court, the Court's resolution of the issue was foreshadowed. First, the Federal Rules of Civil Procedure clearly spell out that the filing of a Complaint is necessary to "commence" a civil action and clearly spell out what constitutes a Complaint. Fed.R.Civ.P. 3 and 8(a)(2). Second, the language of Title VII does not suggest that a Title VII action can be "commenced" other than as stated in the Federal Rules of Civil Procedure. And, third, the case law existing at the time plaintiff filed his documents did not suggest that a party in plaintiff's position could "commence" a civil action by the mere filing of a right-to-sue letter; at that time, several courts had liberally construed the procedural requirements for commencing a Title VII action but only for *pro se* plaintiffs *who had requested appointment of counsel* within the statutory filing period. *See Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir.1978), and *Huston v. General Motors Corp.,* 477 F.2d 1003, 1008 (8th Cir.1973), and cases cited therein.[10]

As for plaintiff's second argument that because he will be deprived of a remedy for the alleged discrimination, application of *Baldwin County Welcome Center* is inequitable, the court notes that even if the

---

**10.** The Ninth Circuit Court of Appeals had not addressed the issue of what commences a Title VII action at the time plaintiff filed his documents. Since then, in 1983 it adopted the reasoning of *Wrenn v. American Cast Iron Pipe Co.* and *Huston v. General Motors Corp.,* and held that a *pro se* plaintiff who files a description of his or her claim along with a right-to-sue letter and a petition for appointment of counsel "commences" a Title VII action. *Rice v. Hamilton*

*Air Force Base Commissary, supra,* 720 F.2d 1084. *See also Millard v. LaPointe's Fashion Store, Inc.,* 736 F.2d 501 (9th Cir.1984) (*pro se* plaintiff's request for counsel and right-to-sue letter insufficient to constitute the filing of a civil action); *Mahroom v. Defense Language Institute,* 732 F.2d 1439 (9th Cir.1984) (filing of letter requesting counsel, EEOC's decision, and right-to-sue letter sufficient to constitute the filing of civil action).

court applied the case law existing at the time plaintiff filed his documents, *id.*, rather than *Baldwin County Welcome Center*, the result would be the same (that is, plaintiff, who had the benefit of counsel, would be deprived of a remedy based on the law as it was in 1980); thus, retroactive application of *Baldwin County Welcome Center* is not inequitable.[11]

Plaintiff's final argument, that applying *Baldwin County Welcome Center* will defeat the remedial purpose of Title VII, requires little further comment. The court only adds that Title VII does not require that the "procedural requirements established by Congress for gaining access to the federal courts ... be disregarded by courts out of a vague sympathy for [Title VII] litigants." *Baldwin County Welcome Center*, —— U.S. at ——, 104 S.Ct. at 1726. In other words, Congress did not express an intent that the remedial purpose of Title VII be furthered at all costs, including excepting, for no special reason, Title VII litigants from the procedural requirements imposed on all other litigants.[12]

Plaintiff's reliance on a series of "equitable tolling" cases misses the mark. These cases do not address the question of whether the law in effect in 1980 was that the filing of a right-to-sue letter "commenced" a civil action, but rather illustrate situations where *equitable tolling* was deemed appropriate. *See* discussion *infra*.

The court, finding no reason to not apply *Baldwin County Welcome Center* retroactively and finding no significant factual distinctions, concludes that plaintiff's filing of his right-to-sue letter and explanatory affidavit did not "commence" a Title VII action and that his action was not "commenced" until he filed a Complaint in December of 1981, more than a year and three months after he received his right-to-sue letter.

## F. *Equitable Tolling*

The question for the court now is whether the statutory 90-day period for filing a Title VII Complaint was tolled by the circumstances surrounding the filing of the right-to-sue letter and affidavit such that plaintiff's Complaint should be considered timely. *Baldwin County Welcome Center*, —— U.S. at ——, 104 S.Ct. at 1725–26. *Cf. Zipes v. Trans World Airlines, Inc., supra* (the requirement of a timely filing of a charge of discrimination with the EEOC is subject to equitable tolling). Plaintiff submits the following grounds for applying the equitable tolling doctrine to this case: (1) the Washington court led him to believe that he had done enough to preserve his Title VII claim; (2) he was unable to file a Complaint before the expiration of the 90-day period because the EEOC failed to furnish him necessary information in time; and (3) defendant "actively lulled" him into thinking that he had properly "commenced" a Title VII action by not objecting prior to the expiration of the filing period. The court addresses each argument seriatim.

### 1. *Court action*

Plaintiff points to the Washington court's treatment of this action as properly commenced (accepting his documents for filing, and assigning a case number and judge), its silence as to the insufficiency of the documents for commencing a civil action in the face of his affidavit explaining his intentions, and its vacation of its dismissal for want of prosecution as actions by the Washington court which led him to believe he had properly commenced a Title VII action.

Initially, the court concedes that the Washington court's Order vacation of its dismissal could have led plaintiff to believe he had commenced an action; in fact, even the court's earlier dismissal of the "case" could have led plaintiff to believe he had

---

11. The court chooses to address the retroactivity of *Baldwin County Welcome Center* rather than simply apply case law existing in 1980 because *Baldwin County Welcome Center* is the pronouncement of the highest court in this country and is thus obviously more compelling.

12. The equitable tolling doctrine takes into account situations where there are equitable reasons for tolling the period in which an action must be commenced. *See* discussion *infra*.

commenced an action. However, these orders were not entered until November of 1981, a *year* after plaintiff filed his right-to-sue letter and affidavit. Plaintiff could not have relied on these actions in not filing a Complaint within the 90-day period following the receipt of his right-to-sue letter. In other words, only those actions by the court which occurred within the 90-day filing period can be considered for equitable tolling purposes.

Turning to those actions, this court finds that the Washington court's clerical actions and silence cannot be said to have "ratified" plaintiff's action or in any way "lulled" plaintiff into not filing a timely Complaint; the Clerk of a court and the court itself have no duty to *sua sponte* inform parties of the sufficiency of their documents. To the extent that plaintiff relied on the court's "inaction" in believing that it would let plaintiff know if his documents were insufficient, this reliance was unreasonable, especially considering that plaintiff had the benefit of legal counsel.

### 2. *Lack of information*

The court rejects plaintiff's contention that it was not possible for him to file a Complaint within the 90-day period because he had not yet received necessary information from the EEOC. First, as defendant correctly points out, plaintiff could have filed a Complaint based on his personal knowledge without having the EEOC information in his possession; any information gained from the EEOC could have been incorporated into an amendment to the Complaint. Second, it does not appear that plaintiff even relied on the EEOC material when he ultimately filed his Complaint as there is no mention of the material in the Complaint.

### 3. *Defendant's inaction*

Plaintiff's argument that defendant "lulled" him into thinking that he had filed all that was necessary to commence his lawsuit by not pointing out that a Complaint was required to be filed within the 90-day period is somewhat incredulous. A defendant has no obligation to aid a plaintiff in complying with pleading requirements or statutory limitations periods. Plaintiff's failure to file a Complaint within the filing period cannot be blamed on defendant. *See also* discussion on waiver, laches, estoppel *supra*.

In sum, the court finds no grounds for equitably tolling the 90-day period. Plaintiff has cited no case to convince the court otherwise.

### CONCLUSION

Finding that defendant's motion to dismiss is timely, that defendant is not "estopped" from bringing the motion, that plaintiff failed to file a Complaint within 90 days following receipt of his EEOC right-to-sue letter, and finding that the facts do not warrant an equitable tolling of the 90-day period, the court GRANTS defendant's motion to dismiss for failure to file a timely Complaint.

Plaintiff's request for a stay of this action to allow him the opportunity to discover admissible evidence to justify equitable tolling of the filing period is DENIED; plaintiff has not convinced the court that a stay would lead to such evidence, especially in light of the amount of time which has already been allowed him to produce such evidence.

This Order terminates this action.