**Thomas Scott SAWYER, et al., Plaintiffs,**

v.

**COMMONWEALTH EDISON CO., et al., Defendants.**

**No. 93 C 5888.**

United States District Court, N.D. Illinois, E.D.

March 18, 1994.

---

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Before the Court is Plaintiffs Thomas and Bettina Sawyers' Motion to Remand the present case to the Circuit Court of Cook County.

### FACTS

On September 7, 1993, the Plaintiffs filed a three count complaint in the Circuit Court of Cook County against Defendant Commonwealth Edison. The complaint alleged that Thomas Sawyer had contracted chronic myelogenous leukemia as a result of his exposure to radiation at Commonwealth Edison's Quad Cities Cordova nuclear power plant. On September 17, 1993, Commonwealth Edison filed a Notice of Removal to the United States District Court for the Central District of Illinois pursuant to Section 2210(n)(2) of

the Price–Anderson Amendments Act of 1988. 42 U.S.C. § 2210(n)(2) (1992).

One of the United States District Court Judges for the Central District remanded the case on September 24, 1993 to the Circuit Court of Cook County because the case had been "improperly removed to the District Court under 28 U.S.C. 1441." (Docket Entry dated September 24, 1993; Defendant's Exhibit B.) Thereafter, Commonwealth Edison filed a Notice of Removal in the United States District Court for the Northern District of Illinois and a Motion to Transfer Venue to the United States District Court for the Central District of Illinois, Rock Island Division.

On October 21, 1993, Plaintiffs filed the Motion for Remand which is presently before the Court. Approximately one week later, Plaintiffs filed their First Amended Complaint which named nineteen defendants in addition to Commonwealth Edison. These defendants filed a Notice of Removal in the United States District Court for the Central District of Illinois [1], a second Notice of Removal in the United States District Court for the Northern District of Illinois and a Motion to Transfer Venue to the Central District of Illinois, Rock Island Division.

In support of their Motion for Remand, Plaintiffs argue that: (1) the Central District Judge's prior order remanding the case to the Circuit Court of Cook County is not subject to review, reconsideration or appeal; (2) this case does not arise under the Price–Anderson Amendments Act of 1988; (3) the Price–Anderson Amendments Act is an unconstitutional grant of jurisdiction in violation of Article III of the United States Constitution; and (4) the Price–Anderson Amendments Act violates the Tenth and the Fifth Amendment of the United States Constitution.

---

1. On December 2, 1993, Judge Michael Mihm vacated as moot the defendants' Notice of Removal to the United States District Court for the Central District of Illinois because Commonwealth Edison had already removed the case to the Northern District of Illinois. (Order of Judge Mihm dated December 2, 1993; Defendant's Exhibit C.)

2. The *Hamilton* court noted that even though the Supreme Court in *Thermtron Products* was "con-

## ANALYSIS

### Reconsideration of the Central District Judge's Order Remanding the Case to the Circuit Court of Cook County

Citing 28 U.S.C. § 1447(d), Plaintiffs assert that the Central District Judge's order remanding the case to the Circuit Court of Cook County is not reviewable. Section 1447(d) states in relevant part, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ..." 28 U.S.C. § 1447(d).

■ Despite the broad language quoted above, § 1447(d) insulates from appellate review only those remand orders that are authorized by § 1447(c). *Hamilton v. Aetna Life and Cas. Co.*, 5 F.3d 642, 644 (2nd Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1100, 127 L.Ed.2d 413 (1994) (citing *Thermtron Prods. v. Hermansdorfer*, 423 U.S. 336, 345–46, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1976)).[2] Section 1447(c) provides in part:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgement it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (1993). Thus, only orders which remand a case to state court based on a timely motion asserting a procedural defect or on a lack of federal subject matter jurisdiction are not reviewable. *Hamilton*, 5 F.3d at 644.

■ According to the Central District Court Judge's docket entry, he remanded the present case to the Circuit Court of Cook County because the case was "improperly

---

struing a pre–1988 version of § 1447(c) that required a district court to remand a case if it appeared, prior to final judgement, that the action 'was removed improvidently and without jurisdiction' 28 U.S.C. § 1447(c) (1982), [the *Hamilton* court found] no sound basis for believing that the principle established [in *Thermtron Products*] is not equally applicable to the present version of [Section 1447(c)]." 5 F.3d at 644.

removed to the District Court under 28 U.S.C. 1441." (Docket Entry dated September 24, 1993; Defendant's Exhibit B.) Plaintiffs conclude that since the Central District Court Judge remanded the case because he believed that the district court lacked federal subject matter jurisdiction, Section 1447(d) prevents this Court from reconsidering the Judge's order. This Court disagrees. There is case law which suggests that Section 1447(d) prohibits both appellate review of and a district court's reconsideration of its own remand order where the district court based its remand order on a determination that it lacked subject matter jurisdiction even if the district court's determination is clearly erroneous. *See, Calderon v. Aerovias Nacionales de Colombia,* 929 F.2d 599, 601 (11th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991); *Seedman v. U.S. Dist. Court for the Central District of California,* 837 F.2d 413, 414 (9th Cir.1988) (citing *Federal Deposit Insurance Corporation v. Santiago Plaza,* 598 F.2d 634, 636 (1st Cir.1979), *but see, Doe v. American Red Cross,* 14 F.3d 196 (3rd Cir.1993). However, the Plaintiffs do not cite and the Court cannot find any cases which suggest that a subsequent district court is bound by a prior different district court's remand order which was based on the prior district court's erroneous determination that it lacked subject matter jurisdiction.

█ Additionally, Plaintiffs argue that the doctrine of *res judicata* or the law of the case bars this Court's reconsideration of the Central District Judge's prior order remanding the case to the Circuit Court of Cook County. Again, the Court is not persuaded. First, this Court does not find any evidence that the Judge decided the issue of whether the federal courts have jurisdiction over this case pursuant to the Price–Anderson Amendments Act of 1988. The Judge remanded the case *sua sponte* stating only that the case "was improperly removed to the District Court under 28 U.S.C. 1441." (Docket Entry dated September 24, 1993; Defendant's Exhibit B.) Second, even if this Court determined that the Judge decided whether jurisdiction and venue were proper in the Central District of Illinois, this Court would never-

theless be free to reconsider that decision under the law of the case doctrine.

█ It is true that under the law of the case doctrine, when a district judge renders a decision in a case and that case is transferred to another judge, the successor should not ordinarily overrule the earlier decision. *Birge v. Delta Airlines, Inc.,* 597 F.Supp. 448, 453 (1984). However, the law of the case doctrine also provides that "a ruling in a case is subject to modification when it is subsequently found to be erroneous, is no longer sound, or would work an injustice." *Id.*

### The Price–Anderson Amendments Act of 1988

Section 2210(n)(2) of the Price–Anderson Amendments Act of 1988 provides for removal of, and original jurisdiction over claims arising from any "nuclear incident." Section 2210(n)(2) reads as follows:

> With respect to any public ·liability action arising out of or resulting from a nuclear incident, the United States district court in the district where the nuclear incident takes place ... shall have original jurisdiction without regard to the citizenship of any party or the amount in controversy. Upon motion of the defendant or of the Commission, or the Secretary, as appropriate, any such action pending in any State court ... or United States district court shall be removed or transferred to the United States district court having venue under this subsection. Process of such district court shall be effective throughout the United States.

42 U.S.C. § 2210(n)(2).

█ Contrary to the Plaintiffs' contentions, this Court holds that the present case falls within the purview of the Price–Anderson Amendments Act. The term "public liability" means any legal liability arising out of or resulting from a nuclear incident. 42 U.S.C. § 2014(w). The term "nuclear incident" means any occurrence, including an extraordinary nuclear occurrence within the United States causing bodily injury, sickness, disease or death arising out of or resulting from the radioactive, toxic, explosive or other

hazardous properties of source, special nuclear or by-product material. 42 U.S.C. § 2014(q).

In their complaint, Plaintiffs state that while working at Commonwealth Edison's nuclear facility, Thomas Sawyer was exposed to ionizing radiation at levels sufficient to cause chronic myelogenous leukemia. (Second Amended Complaint at ¶ 31.) Plaintiffs request damages in excess of five million dollars to compensate them for Thomas Sawyer's injuries allegedly caused by Commonwealth Edison's failure to monitor toxic substances at the Quad Cities Cardova nuclear facility and Commonwealth Edison's failure to make the facility safe for Thomas Sawyer's employment. *Id.* at ¶ 35. Based on the allegations in their complaint, Plaintiffs ask the Court to hold the defendants liable for injuries resulting from a nuclear incident, and therefore the present suit falls within the purview of the Price–Anderson Amendments Act.

However, the Plaintiffs argue that despite the broad definitions of "public liability" and "nuclear incident," their complaint does not fall within the Price–Anderson Amendments Act because the Plaintiffs' injury is not based on an "occurrence." According to the Plaintiffs, for a personal injury to arise out of a "nuclear incident," there must be an isolated nuclear "occurrence" or event as opposed to routine on-going exposure to radiation.

The Price–Anderson Amendments Act does not contain any limiting language which would suggest that the "nuclear incident" which causes the alleged personal injury must be an isolated nuclear occurrence. Moreover, the definition of "nuclear incident" set forth in § 140.92 of the Code of Federal Regulations suggests that a "nuclear incident" is not confined to an isolated nuclear occurrence or event. 10 CFR § 140.92 (1993). Section 140.92, which sets forth the requirement of federal indemnification for persons with licenses to operate a nuclear reactor, defines "nuclear incident" as follows:

(b) [Nuclear incident means] any occurrence including an extraordinary nuclear occurrence or *series of occurrences* causing bodily injury, sickness, disease or death arising out of or resulting from the radio-

active, toxic, explosive or other hazardous properties

  i. The radioactive material discharged or dispersed from the location over a period of days, weeks, months or longer . . .

10 CFR § 140.92 (1993) (emphasis supplied). From the definition of "nuclear incident" outlined above, this Court concludes that there is no evidence that the Plaintiffs' injuries must result from an isolated nuclear event or occurrence. To the contrary, in this Court's opinion, based on the purpose and language of the Price–Anderson Amendments Act, it is the intent of the United States Congress that nuclear cases of this nature be tried in federal court. Thus, this Court holds that the Plaintiffs' claim falls within the purview of the Price–Anderson Amendments Act. *See also, Coley v. Commonwealth Edison,* 768 F.Supp. 625, 626–28 (N.D.Ill.1991) (holding that removal to federal court was proper under the Price–Anderson Amendments Act where plaintiff sought damages for occupational exposure to radiation for six months prior to his child's conception.)

■ Since this Court holds that Plaintiffs' cause of action falls within the purview of the Price Anderson Amendments Act, this Court must deny the Plaintiffs' Motion to Remand and grant the Defendants' Motion to Transfer this case to the United States District Court for the Central District of Illinois, Rock Island Division. *See,* 42 U.S.C. § 2210(n)(2). Section 2210(n)(2) directs this Court to transfer this case to the United States district court for the Central District of Illinois since it is the federal district court in the district where the nuclear incident took place. *Id.*

As this Court finds that Plaintiffs' claim does fall within the purview of the Price–Anderson Amendments Act, and thus pursuant to Section 2210(n)(2), this Court must, upon the motion of the defendants, transfer the case to the district court where the nuclear incident took place, this Court does not address Plaintiffs' arguments regarding the constitutionality of the Price–Anderson Amendments Act.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion to Remand this case to the Circuit Court of Cook County is denied and the Defendants' Motion to Transfer this case to the United States District Court for the Central District of Illinois is granted.