# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 04-2615

ANDREW MIDLOCK, JR., *et al.*,

*Plaintiffs-Appellees*,

*v.*

APPLE VACATIONS WEST, INC., *et al.*,

*Defendants*.

APPEAL OF: WILLIAM J. CREMER.

_____

Appeal from the United States District Court
for the Central District of Illinois.
No. 03-4081—**Joe Billy McDade**, *Judge*.

_____

ARGUED JANUARY 26, 2005—DECIDED APRIL 20, 2005

_____

Before POSNER, MANION, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*. William Cremer, the lawyer for all but one of the defendants in this tort suit, appeals from an order fining him $5,000 and directing him to reimburse the plaintiffs $3,285.28 for attorneys' fees. The suit had been filed in a state court in Joliet, Illinois, but Cremer, acting on behalf of one of the defendants whom he represented, removed the case to the federal district court in the Northern District of Illinois, the district in which Joliet is located. The

plaintiffs moved to remand the case to the state court because there was no federal jurisdiction. The only possible basis of federal jurisdiction was diversity of citizenship, and Cremer acknowledged that one of the defendants (the one he didn't represent) was a citizen of Illinois, as were the plaintiffs. But he argued that that defendant had been fraudulently joined. The district court disagreed and remanded the case to the state court from which it had been removed; the ruling was pursuant to 28 U.S.C. § 1447(c), which requires the district court to remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." The remand "is not reviewable on appeal or otherwise," § 1447(d), with an immaterial exception. So the case went back to state court—whereupon another defendant whom Cremer represented removed it to the federal district court for the Central District of Illinois. Cremer's ground was the same, that the nondiverse defendant had been fraudulently joined. The district court remanded the case to the state court on the ground that a case can be removed only to the federal district court for the district in which the suit is pending, § 1446(a), which in this case was the Northern District of Illinois, not the Central District. The court then ordered Cremer to show cause why he should not be sanctioned under Fed. R. Civ. P. 11 for his frivolous attempt to remove the case to the Central District; and after a hearing the court imposed the sanctions that Cremer is challenging in this appeal.

The plaintiffs had not asked for sanctions; and while a judge is permitted by Rule 11 to impose sanctions on his own initiative, when he does that he cannot include an award of attorneys' fees. Fed. R. Civ. P. 11(c)(1)(B), (c)(2). But Cremer did not notice this until he filed his reply brief, which was too late. The judge could have awarded fees under 28 U.S.C. § 1447(c) ("an order remanding the case

may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal"), but did not invoke that provision, which in any event would not have authorized the fine that he also imposed. See *Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363, 367 (7th Cir. 2000); *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) ("§ 1447(c) is *not* a sanctions rule; it is a fee-shifting statute" (emphasis in original)). Another oversight by the parties is their failure to remark the fact that not all the defendants joined in either removal, as is required, *Chicago, Rock Island & Pac. Ry. v. Martin*, 178 U.S. 245, 248 (1900); *Hanrick v. Hanrick*, 153 U.S. 192, 197-98 (1894); *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), though the statute does not say so. The requirement— which anyway might not be applicable here if Cremer could show that the only nonremoving defendant was indeed fraudulently joined by, and perhaps acting in cahoots with, the plaintiffs to defeat removal—is not a jurisdictional defect and hence is waivable. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). And it was waived. It is even unclear whether all but that defendant actually joined in either removal and, if not, whether the failure of the other defendants to do so might be excused by their not having been served. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529-30 (7th Cir. 2004). But, again, the plaintiffs have made no issue of this.

The case is a symphony of frivolousness. The plaintiffs argue that we have no appellate jurisdiction because Cremer did not file his notice of appeal within 30 days of the entry of the order imposing sanctions. The order imposed the $5,000 fine on Cremer but also directed the plaintiffs' lawyer to submit a statement of his expenses in opposing the frivolous removal to the Central District; the parties then stipulated to the amount of those expenses, $3,285.28. The

district court entered a new order directing Cremer to pay both the fine and the attorneys' fees, and Cremer filed a notice of appeal within 30 days of that order. The plaintiffs argue that the earlier order, the order to pay just the fine, was final and appealable because a proceeding to obtain an award of attorneys' fees is "collateral" to (that is, separate from) the case out of which the fee proceeding arises.

That is true in general but not in this case. Usually when a judgment is entered and the winning party then seeks an award of attorneys' fees, the pendency of the fee proceeding does not affect the finality of the judgment. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199-202 (1988). The fee proceeding cannot start until the judgment is entered, so allowing the appeal from the judgment to be delayed until the attorneys' fees proceeding was resolved could delay the final resolution of the case indefinitely. See Fed R. Civ. P. 58; *Local Union No. 1992 of IBEW v. Okonite Co.*, 358 F.3d 278, 287 (3d Cir. 2004). Indeed, since "a claim for attorneys' fees (other than an interim claim) cannot be quantified until the entry of final judgment . . ., if the pendency of such a claim prevented the judgment from becoming final, it could never become final." *Alonzi v. Budget Construction Co.*, 55 F.3d 331, 333 (7th Cir. 1995); see also *Houben v. Telular Corp.*, 231 F.3d 1066, 1071 (7th Cir. 2000). But in this case attorneys' fees were not sought for services in obtaining a separate judgment, namely the imposition of the $5,000 fine. They were sought as one component of the sanction for improper removal, the other component being the fine. So when the judge imposed the fine and asked the plaintiffs' lawyer to submit a statement of fees, he was entering an order that would not become final until he determined the amount of the attorneys' fees that he would award. *Discon, Inc. v. Nynex Corp.*, 4 F.3d 130, 132 (2d Cir. 1993); cf. *Sonii v. General Electric Co.*, 359 F.3d 448, 450 (7th Cir. 2004).

So we have jurisdiction of Cremer's appeal and move to the merits. The second removal, which was the occasion of the sanction that he is challenging, was doubly frivolous. First, as he admits, he was trying to obtain a second opinion on removability—and that is not permissible, though not, as the plaintiffs seem to think, because section 1447(d) states that an order of remand to a state court "is not reviewable on appeal *or otherwise*" (emphasis added). While as an original matter "otherwise" might be thought to embrace review by another district judge, we and other courts have held that the reference is to other ways of obtaining *appellate* review, such as by asking for mandamus (see also *In re La Providencia Development Corp.*, 406 F.2d 251, 252-53 (1st Cir. 1969)) or a declaratory judgment (as in *New Orleans Public Service, Inc. v. Majoue*, 802 F.2d 166 (5th Cir. 1986) (per curiam)), and that the provision we quoted does not preclude successive removals. *Benson v. SI Handling Systems, Inc.*, 188 F.3d 780 (7th Cir. 1999); *Doe v. American Red Cross*, 14 F.3d 196, 199-200 (3d Cir. 1993); *FDIC v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979) (per curiam). Cases such as *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 519 (6th Cir. 2001); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531 (6th Cir. 1999); *In re Lowe*, 102 F.3d 731, 733-36 (4th Cir. 1996), and *Harris v. Blue Cross/ Blue Shield of Alabama, Inc.*, 951 F.2d 325, 330 (11th Cir. 1992), are in some tension with *Benson* and its sister cases. But they are distinguishable because they hold only that section 1447(d) strips the district court of jurisdiction to reconsider an order of remand issued by it. The distinction is noted in *FDIC v. Santiago Plaza*, *supra*, 598 F.2d at 636.

But the first remand, because it establishes the law of the case, "may be revisited only when intervening events justify that step." *Benson v. SI Handling Systems, Inc.*, *supra*, 188 F.3d at 783 (citation omitted); to same effect see *Doe v. American*

*Red Cross, supra*, 14 F.3d at 200 ("re-removal" permissible only "on grounds different than the first removal"); *In re Diet Drugs*, 282 F.3d 220, 232 n. 8 (3d Cir. 2002); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492-94 (5th Cir. 1996). Cremer believes that he can remove the case to federal district court as many times, and in as many districts, as he wants, until he finally finds a judge who will agree with him. The many times is barred by the doctrine of the law of the case and the many districts by the statutory provision limiting the venue of a removed case to the district in which the suit was pending when it was removed. As we noted in *Benson*, "multiple removals could encounter prob-lems—*could even lead to sanctions*—if nothing of significance changes between the first and second tries." 188 F.3d at 783 (emphasis added).

Cremer says he relied on a decision by a district judge who refused to be "bound by a prior different district court's remand order which was based on the prior district court's erroneous determination that it lacked subject matter jurisdiction." *Sawyer v. Commonwealth Edison Co.*, 847 F. Supp. 96, 99 (N.D. Ill. 1994). The judge gave no explanation for this conclusion, such as a change of circumstances be-tween the first and second removal. (The case was decided before *Benson.*) But Cremer argues that a decision, even if unreasoned and obviously incorrect, by any court at any time insulates a lawyer who bases his position on the decision from sanctions. That is not correct. See *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1081 (7th Cir. 1987). If the decision is reasoned, and the reasoning at least colorable, an argument based on its reasoning is unlikely to be frivolous. Or if the decision, though unreasoned, is the decision of an appellate court with potential jurisdiction over the case in which the decision is being cited as authority, the lawyer for the litigant can appeal to the doctrine of stare

decisis. That doctrine imparts authority to a decision, depending on the court that rendered it, merely by virtue of the authority of the rendering court and independently of the quality of its reasoning. The essence of stare decisis is that the mere existence of certain decisions becomes a reason for adhering to their holdings in subsequent cases. E.g., *Dickerson v. United States*, 530 U.S. 428, 443 (2000); *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833, 854-65 (1992). The bare fact that a case has been decided is a ground for deciding the next case, if materially identical, in the same way.

But as we have noted repeatedly, a district court decision does not have stare decisis effect; it is not a precedent. *Bank of America, N.A. v. Moglia*, 330 F.3d 942, 949 (7th Cir. 2003); *FutureSource L.L.C. v. Reuters Ltd.*, 312 F.3d 281, 283 (7th Cir. 2002); *Zurich Ins. Co. v. Amcor Sunclipse North America*, 241 F.3d 605, 608 (7th Cir. 2001); *Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1124 (7th Cir. 1987); *Anderson v. Romero*, 72 F.3d 518, 525 (7th Cir. 1995); see also *In re Executive Office of the President*, 215 F.3d 20, 24 (D.C. Cir. 2000) (per curiam); *Threadgill v. Armstrong World Industries, Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991). It may be a wise, well-reasoned decision that persuades by the quality of its reasoning, but in that respect it is no different from a persuasive article or treatise. The fact of such a decision is not a reason for following it. This conclusion is based not on a disrespect for district judges, but on the sheer unmanageability of a system in which the authority to lay down legal rules is dispersed across a multitude of independent courts. There are 65 federal district judges in this circuit alone. They sit by themselves rather than in panels. If the decisions of each of these judges have the force of precedent, how is a lawyer to advise his clients? Often the different judges will render inconsistent decisions, and it may be years before the con-

flict is ironed out by an appellate decision. So *Sawyer* gave Cremer no support at all. And if it had—but we want to emphasize that it did not—it still would not have gotten him off the hook, because it did not involve venue.

Cremer told the district court that his clients had insisted that he remove the case to federal court regardless of whether there was any legal basis for removal. That was a dreadful excuse. A lawyer who pursues frivolous litigation cannot defend himself by arguing that his client made him do so. A lawyer is under a legal duty *not* to yield to such importunings, and he opens himself to sanctions if he does. *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1327-28 (11th Cir. 2002) (per curiam); *Wilson-Simmons v. Lake County Sheriff's Dept.*, 207 F.3d 818, 824 (6th Cir. 2000); *Whiting v. Lacara*, 187 F.3d 317, 322-23 (2d Cir. 1999) (per curiam); *South Star Communications, Inc. v. FCC*, 949 F.2d 450, 452 (D.C. Cir. 1991) (per curiam). "Telling would-be litigants that the law is against them is an essential part of a lawyer's job." *Bailey v. Bicknell Minerals, Inc.*, 819 F.2d 690, 693 (7th Cir. 1987). Cremer was properly sanctioned for conducting frivolous litigation.

AFFIRMED.

A true Copy:

    Teste:

                        _____

                        *Clerk of the United States Court of*
                        *Appeals for the Seventh Circuit*