John DOE; Jane Doe, Appellants,

v.

AMERICAN RED CROSS; American National Red Cross; Thomas Jefferson University; Joseph Grover, M.D.; Scott Murphy, M.D.; Cardeza Foundation.

Harry DOE; Jane Doe, h/w, Appellants,

v.

AMERICAN RED CROSS; American National Red Cross; Graduate Hospital; Louis F. Plzak, M.D.; Daniel J. Woody, M.D.

Nos. 93–1303, 93–1304.

United States Court of Appeals, Third Circuit.

Argued Sept. 30, 1993.

Decided Dec. 16, 1993.

Thomas R. Kline, David A. Yanoff (argued), Beasley, Casey, Colleran, Erbstein, Thistle & Kline, Philadelphia, PA, for appellants John Doe, Jane Doe.

Jacqueline R. Denning (argued), Arnold & Porter, Washington, DC, William J. O'Brien, Howard M. Klein, Conrad O'Brien Gellman & Rohn, P.C., Philadelphia, PA, for appellees, American Red Cross and American Nat. Red Cross.

Ruth R. Wessel, D. Madelaine Miller, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, PA, for appellee, Scott Murphy, M.D.

Arthur M. Toensmeier, Sharon M. Reiss, Post & Schell, P.C., Philadelphia, PA, for appellee, Graduate Hosp.

David A. Yanoff (argued), Daniel L. Thistle, Beasley, Casey, Colleran, Erbstein, Thistle & Kline, Philadelphia, PA, for appellants Harry Doe, Jane Doe.

Before: SCIRICA, ALITO and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

On June 19, 1992 in *American National Red Cross v. S.G.*, —— U.S. ——, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992) (*S.G.*), the Court considered whether the "sue and be sued" provision in the Red Cross congressional charter, 36 U.S.C. § 2, conferred original jurisdiction on federal courts. The Court framed the issue before it as follows:

> In this case we consider whether [the] "sue and be sued" provision confers original jurisdiction on federal courts over all cases to which the Red Cross is a party, with the consequence that the organization is thereby authorized to removal from state to federal court of *any* state-law action it *is* defending.

—— U.S. at ——, 112 S.Ct. at 2467 (emphasis added).

The Court granted certiorari "to answer this difficult and recurring question," observing that "[a]lthough more than 40 district court cases have considered this issue, no result clearly predominates" and that only two courts of appeals had met the issue and they had conflicting results. *Id.* at ——, 112 S.Ct. at 2468 & n. 1. The Court specifically held that "the Red Cross charter's 'sue and be sued' provision should be read to confer [federal] jurisdiction ... [and that] the provision extends beyond a mere grant of general corporate capacity to sue, and suffices to confer federal jurisdiction." *Id.* at ——, 112 S.Ct. at 2472. In this appeal, we must determine whether *S.G.* authorizes the re-removal of a state-court action against the Red Cross.

The American Red Cross and the American National Red Cross (hereinafter "Red Cross") have been sued in state courts across the country by plaintiffs claiming that they contracted Acquired Immune Deficiency Syndrome (AIDS) through contaminated blood transfusions and that their injuries were caused by negligence on the part of the Red Cross. In a common pattern, the Red Cross removed these actions to federal court, only to have some of them remanded on the ground that its charter did not confer original jurisdiction on the federal courts. While these remanded cases were pending in state

courts, the Court issued its order in *S.G.* authorizing the Red Cross to remove "any state-law actions it is defending." *Id.* at ——, 112 S.Ct. at 2467. In response to *S.G.*, the Red Cross typically removed the actions it was defending to federal court, and again plaintiffs sought remand.

These consolidated interlocutory appeals emanating from the Eastern District of Pennsylvania follow this general scenario. The cases were originally filed in the Common Pleas Court of Philadelphia County. Prior to the Court's decision in *S.G.*, they were removed to the district court and later remanded to the state court "without prejudice to defendant's right to petition for re-removal" should ruling case law of the jurisdiction change during the life span of the case, stating that removal would be proper. App. at A.23. After the Court's decision, these actions against the Red Cross were again removed to the district court and again a petition to remand was made. On the strength of *S.G.*, the petition to remand was denied, and the plaintiffs petitioned for interlocutory appeals.

This interlocutory appeal of consolidated cases requested by the district court and permitted by us under 28 U.S.C. § 1292(b) requires us to construe the removal statute 28 U.S.C. §§ 1446(b), 1447(a). We hold that removal in this case was proper and affirm the order of the district court.

## I.

The following Section 1292(b) questions are presented from the district court's decision approving the re-removal and denying Appellants' second motion for remand:

(1) Whether the United States Supreme Court decision also authorizes the Red Cross to remove a previously remanded case to federal court.

(2) Whether the decision of an "unrelated" case—such as the decision of the Supreme Court in *S.G.* authorizing the Red Cross to remove from state to federal court any action it is defending—constitutes an "order or other paper" under 28 U.S.C. § 1446(b) and thus provides a basis for a second removal petition.

*See* App. at A.85. Section 1446(b) provides in relevant part:

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

We believe that this appeal turns on the construction of this statute as applied to the Red Cross solely in the context that it was the litigant in a related case involving similar facts and legal issues and was the recipient of the order implementing the Court's decision. Our approach to this matter and our holding is much more confined than the precepts discussed by the parties before us. What controls the decision we reach today is our conclusion that the *S.G.* opinion was an order addressed to the Red Cross and, as such, was an "order" as contemplated in Section 1446(b). It is not necessary for us to go any further; it is not necessary for us to interpret any language in Section 1446(b) other than the term "order." We hold that because the Appellee here was the critical party in *American National Red Cross v. S.G.* and "filed a notice of removal within thirty days" after receiving an order of the Court implementing its decision, it was authorized under the statute to file for re-removal, even though its first removal had been previously remanded in proceedings that antedated the Court's decision in *S.G.*

## II.

The two actions before us and consolidated for the purposes of this interlocutory appeal, *Harry Doe and Jane Doe v. American Red Cross*, No. 93–1304, and *John Doe and Jane Doe v. American Red Cross*, No. 93–1303, are factually similar. Both actions involve complaints filed in the state court against a hospital, treating physicians and the Red Cross. Appellants allege that the Red Cross was responsible for transmitting to the relevant plaintiffs the AIDS virus through tainted blood transfusions during hospital procedures.

The Red Cross removed the actions to the District Court for the Eastern District of Pennsylvania. The Red Cross says that it seeks removal of these cases in order to obtain uniformity in procedures and results because, according to the organization, it finds it increasingly difficult to defend itself in so many fora and under so many different state laws. In removing these actions to federal court, the Red Cross constantly has maintained that its Congressional charter conferred on the federal courts original jurisdiction. Although the Red Cross presented these arguments to the district court, the cases were remanded nevertheless to the state court.

Within thirty days of the order in *S.G.*, the Red Cross once again removed these actions to the district court. Relying on Section 1446(b), the Red Cross argued that *S.G.* constituted an "order or other paper" making the action one which has become removable. Appellants filed a second motion for remand, countering that *S.G.* was not such a statutory "order or other paper" and that the remand was not reviewable under Section 1447(d).

In accordance with the prior rulings of several district courts, including many previous decisions of its own court,[1] and contrary to the rulings of certain other districts,[2] the District Court for the Eastern District of Pennsylvania denied Appellants' second motion for remand. The court held that *S.G.* constituted an "order or other paper" authorizing the Red Cross to remove the action to federal court. App. at A.76.

Appellants contend first that the initial remand by the district court was not reviewable under Section 1447(d) and, second, even

if the remand was reviewable, the Red Cross failed to remove in a timely fashion pursuant to Section 1446(b), because *S.G.* does not constitute an "order or other paper."

■ "Because this appeal involves the selection, interpretation, and application of legal precepts, the standard of review is plenary." *In Re Data Access Sys. Sec. Litig.*, 843 F.2d 1537, 1539 (3d Cir.1988). Although the scope of review is generally governed by the controlling questions of law certified by the district court, this court may consider all grounds that might require reversal of the order from which the parties appeal. *Id.*

### III.

As a threshold matter we conclude that Section 1447(d) is not a bar to removal. The section provides in relevant part:

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise....

Our analysis begins by recognizing that a decision to remand may not be appealed: "It is axiomatic that remanding a case to state court terminates the jurisdiction of a ... district court over that case." *Hunt v. Acromed Corp.*, 961 F.2d 1079, 1081 (3d Cir. 1992). Courts have construed Section 1447(d) as prohibiting appeals of remand orders as well as reviews by district courts of their own remands based on the same grounds as the initial removals.

Appellants argue that the statute bars review of a remand "on appeal *or otherwise*," and that to permit re-removal in this case would violate the letter of Section 1447(d) as well as principles of finality, comity and fed-

**1.** *McKnight v. American Red Cross*, No. 92–4038 (E.D.Pa. Dec. 10, 1992) (Waldman, J.); *Komada v. Delaware Valley Medical Ctr.*, No. 92–4039 (E.D.Pa. Oct. 2, 1992) (Yohn, J.); *Collins v. American Red Cross*, C.A. No. 92–4040 (E.D.Pa. Aug. 28, 1992) (Weiner, J); *Smith v. Thomas Jefferson Univ. Hosp.*, Civ.A. No. 92–3782, 1992 WL 210582 (E.D.Pa. Aug. 25, 1992) (Buckwalter, J.); *Carr v. American Red Cross*, Civ.A. No. 92–4035, 1992 WL 208976 (E.D.Pa. Aug. 18, 1992) (Dalzell, J.); *see also Torres v. Ortega*, No. 92 C 4504, 1993 WL 62998 (N.D.Ill. March 3, 1993); *Long v. American Red Cross*, C2–92–566 (E.D.Ohio Oct. 8, 1992); *Murphy v. St. Vincent Hosp. Inc.*, C.A. No. 92–11671–Y (D.Mass. Sept.

12, 1992); *Doe v. Baystate Medical Ctr.*, C.A. No. 92–11655–Y (D.Mass. Aug. 5, 1992).

**2.** *Combs v. American Red Cross*, Civ. No. 92–805–FR, 1992 WL 349638 (D.Or. Nov. 16, 1992); *Canney v. American Red Cross*, Civ.A. No. 92–1525, 1992 WL 294816 (D.D.C. Oct. 5, 1992); *Jones v. American Red Cross*, No. 92–806–JE, 1992 WL 565224 (D.Or. Aug. 31, 1992); *Zelaya v. Brotman Medical Ctr.*, No. 92–4033 RG, 1992 WL 559683 (C.D.Cal. Aug. 19, 1992); *Arnold v. American Nat'l Red Cross*, No. 1:92 CV 1340, 1992 WL 565229 (N.D.Ohio Aug. 13, 1992); *Ray v. American Red Cross*, C.A. No. 92–1496 (D.D.C.

eralism. Simply stated, their position is that a case once remanded may never be removed. Appellants cite pre-*S.G.* cases reflecting the general view that appellate review of a remand or second removals based on the same grounds are prohibited.[3] Appellants additionally cite post-*S.G.* cases holding re-removal by the Red Cross of remanded actions improper.[4]

We conclude that the pre-*S.G.* cases cited by Appellants are inapplicable to the facts before us and that the post-*S.G.* cases are unpersuasive.

### A.

■ First, the very case history of *S.G.* belies Appellants' main argument that a case once remanded may never again be removed because of the bar of Section 1447(d). The New Hampshire district court remanded the *S.G.* action back to the state court after the Court of Appeals for the First Circuit held that the district court did not have jurisdiction. Aware of the remand, the Supreme Court nevertheless rejected the plaintiffs' argument that Section 1447(d) barred the Court from reviewing the remand order. Following the Court's decision in *S.G.*, the Red Cross filed a second removal notice and the case is again in the district court after having been re-removed. *See* Brief for Appellee at 26–27.

### B.

■ Second, we conclude that the Red Cross is neither appealing the first remand order nor seeking a second removal based on the same grounds as the first. In the first removal, the Red Cross contended that its congressional charter permitted removal by conferring on the federal courts original jurisdiction. The district court disagreed with the Red Cross's interpretation of the "sue

and be sued" provision in its charter and ordered the case remanded. While the case was pending in state court, the Supreme Court settled the previously uncertain law by holding that the Red Cross charter permitted removal. The Red Cross filed a second removal and did not rehash its original argument, but instead cited as its authority a new and definitive source, the intervening order of the highest court in the land.

Moreover, the original remand by the district court was not absolute, rather the court granted remand "without prejudice to defendants' right to petition for re-removal," contemplating a second removal should the law of this judicial circuit change, which it did as a result of the *S.G.* decision.

Because the Red Cross is neither appealing the remand order nor seeking review in the district court of its original removal, we agree that "[t]here would appear to be no reason why this court ... could not properly determine that the Court's earlier order of remand, which has now been demonstrated to have been decided erroneously, should be reversed, and that the Red Cross is now permitted to remove the case." *Long*, No. C2–92–566 at 10. We see nothing in Section 1447(d) prohibiting the filing of a second removal petition pursuant to Section 1446(b). None of the cases cited by Appellants stand for the proposition that a defendant may not seek re-removal based on grounds different than the first removal.

### C.

■ A third independent reason persuades us to reject Appellants' contention. Whatever would be the interpretation of Section 1447(d) under ordinary circumstances, we do not deem it necessary to embark upon an exhaustive analysis of the *general* statuto-

July 30, 1992); *Walker v. American Nat'l Red Cross*, C.A. No. 92–1496 (D.D.C. July 30, 1992).

3. *See, e.g., Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976) (review of remand prohibited whether erroneous or not); *Hunt*, 961 F.2d at 1081 (a district court may not reconsider a remand when a second notice of removal is based upon the same grounds as the first); *In re La Providencia Dev. Corp.*, 406 F.2d 251, 253 (1st

Cir.1969) ("[S]tate court proceedings are to be interfered with once, at most.... The action must not ricochet back and forth depending upon the most recent determination of a federal court."); *see also Seedman v. United States Dist. Court*, 837 F.2d 413, 414 (9th Cir.1988); *Federal Deposit Ins. Corp. v. Santiago Plaza*, 598 F.2d 634, 631 (1st Cir.1979).

4. *See Combs*, 1992 WL 349638 at *2; *Canney*, 1992 WL 294816 at *1; *Jones*, No. 92–806–JE, 1992 WL 565224, at 4.

ry language "not reviewable on appeal or otherwise," because we believe that we are required to yield to the *specific* mandate and public policy underpinnings of *S.G.* in this case.

In its opinion, the Court said that the holdings of the lower courts were in disarray and that the purpose of its decision was to put an end to the chaotic state of the law. *S.G.,* —— U.S. at ——, 112 S.Ct. at 2468. We believe any possible ambiguity in the *general* language of Section 1447(d) has been authoritatively answered by the *S.G.* Court in its *specific* and unequivocal direction that the Red Cross is "thereby authorized to removal from state to federal court of *any* state-law action it *is* defending." *Id.* at ——, 112 S.Ct. at 2467 (emphasis added).

The Court did not qualify the application of its holding to a limited number of cases, nor did it exclude its application to cases previously removed and remanded. The Court explicitly said its holding applied to "*any* state-law action."

Moreover, the Court did not announce a rule of prospective application only, limiting the rule to future actions. It stated that the rule would be applied to any action the Red Cross "*is* defending." It did not say that its ruling excluded the 40 district court cases that had faced the issue with conflicting results and the inter-circuit conflict of two courts of appeals. The decision was designed to settle the law for all Red Cross litigation presently at issue and not merely for newly filed lawsuits. The Court's action was calculated to resolve an unsettled area of law and provide guidance to state and federal courts in a host of actions pending throughout the country. The Court's decision was not a colorless, odorless, tasteless academic exercise.

We therefore apply *specialia generalibus derogant,* the doctrine teaching that special words derogate from general words. As defined in Black's Law Dictionary, the doctrine states that a "special provision as to a particular subject-matter is to be preferred to general language, which might have governed in the absence of such special provision." Black's Law Dictionary (3d ed. 1933). Under this doctrine, the *specific* commands of the Court in *S.G.* derogate from any possible contrary interpretation of the *general* provision of Section 1447(d).

Having determined that Section 1447(d) is not a bar to removal, we now turn to Section 1446(b) to decide whether the order implementing the Court's decision in *S.G.* constitutes an "order" as contemplated by the statute.

### IV.

Members of the legal profession as well as the lay public have a universal understanding of what is meant by an "order of a court," but for the sake of completeness a few references to dictionary definitions are in order. Black's Law Dictionary defines an "order" as a "mandate; precept; command or direction authoritatively given; rule or regulation." Black's Law Dictionary (5th ed. 1979). Ballentine's Law Dictionary defines "order" as "a judgment or conclusion of a court on any motion or proceeding by which affirmative relief is granted or relief is denied." Ballentine's Law Dictionary (1st ed. 1930). Bouvier's Law Dictionary defines "order" as "any direction of a court or judge made or entered in writing." Bouvier's Law Dictionary (8th ed. 1883).

The Court's judgment in *S.G.* was a direction authoritatively given to the Red Cross and any party who might litigate against the Red Cross. Because it was an "order" under the general understanding of the word, it was, therefore, an "order" under the meaning contemplated in the statutory language of Section 1446(b).

The Court stated unequivocally that the Red Cross "is thereby authorized to removal from state to federal court of any state-law action it is defending." —— U.S. at ——, 112 S.Ct. at 2467. It would be tortuous to interpret this statement of the Court as anything other than a mandate, direction, command or judgment. To be sure, our Supreme Court Justices would be surprised if anyone would suggest otherwise. We believe that the Court's statement and its implementing judgment qualifies as an "order" under Section 1446(b), thereby authorizing the Red Cross, a litigant in both the Supreme Court case and

the cases before us, to remove any state-law action it is defending.

Within thirty days of receiving the order from the Court from which it may first be ascertained that the cases had become removable, the Red Cross removed to federal court the state-law actions it was then defending, as specifically authorized by the Supreme Court in *S.G.*

## V.

We are satisfied that the circumstances surrounding the cases consolidated before us today and the decision of the Supreme Court in *S.G.* are unique and readily distinguishable from the cases cited by Appellants indicating that removal of a case previously removed and remanded is improper. Specifically, the circumstances in the instant case differ in two key respects. First, we approach the impact of *S.G.* on the removability of cases pending against the Red Cross from the standpoint of an "order" rather than "other paper." Second, we view *S.G.* not simply as an order emanating from an unrelated action but rather as an unequivocal order directed to a party to the pending litigation, explicitly authorizing it to remove any cases it is defending.

## A.

▆ Appellants cite authority stating that "other paper" as defined in Section 1446(b) must be "paper in the case." Indeed, most of Appellants' contentions center on the argument that the *S.G.* decision is not "paper in the case" for the purposes of removal. To the extent that the pre-*S.G.* cases cited by Appellants discuss only the "other paper" component of Section 1446(b), they are not relevant for our purposes because we hinge

our decision on the term "order" and not on the term "other paper." [5] Similarly, to the extent that the post-*S.G.* cases cited by Appellants fail to discuss the "order" component of Section 1446(b) or impermissibly commingle "order" with "other papers," they, too, are not persuasive.[6]

We need not decide today whether a subsequent Supreme Court decision that does not involve the same defendant in a similar type of action is "other paper" authorizing removal. We take an extremely confined view of this case and our holding is equally narrow. Because the Red Cross was the defendant in *S.G.* and the litigation in the Supreme Court tracked the factual scenario of the challenged removal cases here, we are construing only the term "order" as set forth in Section 1446(b). We hold that the Red Cross received an "order" in *S.G.* and thereby became a beneficiary of the statute. In the view we take, therefore, it is not necessary for us to construe the entire expression "order or other paper," and we expressly do not do so. Likewise, it is not necessary to meet the question presented in so many other cases whether a "decision" in another case, not involving the same party but with similar facts and legal issues, constitutes "other paper."

Because our approach is so limited, we deem as irrelevant the cases relied upon by Appellants whose facts and reasoning stretch far beyond the narrow compass we follow today.

## B.

Some comment is required, however, to express our agreement with the Appellants' premise that an order, as manifested through a court decision, must be sufficiently related to a pending case to trigger Section 1446(b)

5. *See Kocaj v. Chrysler Corp.,* 794 F.Supp. 234, 237 (E.D.Mich.1992) (holding that "other paper" does not include subsequently decided case or a document produced from completely separate litigation); *Holiday v. Travelers Ins. Co.,* 666 F.Supp. 1286, 1289 (W.D.Ark.1987) (holding that "other paper" does not include subsequent, unrelated Supreme Court decisions); *Johansen v. Employee Benefit Claims, Inc.,* 668 F.Supp. 1294, 1297 (D.Minn.1987) (holding that "other paper" does not include a decision in an unrelated action).

6. *See Combs,* 1992 WL 349638 at *2 (holding that the *S.G.* opinion does not constitute "other paper"); *Jones,* No. 92–806–JE, 1992 WL 565224, at 4 (holding that the *S.G.* opinion does not constitute "other paper"); *Zelaya,* No. 92–4033 RG at 2 (holding that *S.G.* opinion does not constitute "other paper"); *Arnold,* No. 1:92 CV 1340, 1992 WL 565229, at 2 (holding that *S.G.* opinion does not constitute "other paper").

removability. We believe that an order is sufficiently related when, as here, the order in the case came from a court superior in the same judicial hierarchy, was directed at a particular defendant and expressly authorized that same defendant to remove an action against it in another case involving similar facts and legal issues.[7]

### VI.

Because we conclude that Section 1447(d) does not bar a second removal under these unique circumstances and because we believe *S.G.* is an order unequivocally authorizing the Red Cross to remove to federal court any state-law actions it is currently defending, we conclude that removal by the District Court for the Eastern District of Pennsylvania was proper.

The foregoing serves as our response to the two questions presented to us in this interlocutory appeal under Section 1292(b). For the foregoing reasons, we will affirm the order of the district court denying Appellants' petition for remand.

---

**7.** In this respect, we disagree that *S.G.* was an "unrelated" case as stated in the second question presented in this interlocutory appeal. *S.G.* and the case at bar are "different" but they are not "unrelated." Certain cases relied on by Appellants are readily distinguishable on the facts and are therefore inapplicable. *See, e.g., Gruner v. Blakeman,* 517 F.Supp. 357, 361 (D.Conn.1981) (decision of New York District Court cannot be considered to have the same binding precedential or institutional effect on the Connecticut District Court, a court on the same hierarchical level, as a Supreme Court order); *Avco Corp. v. Local 1010 of the Int'l Union,* 287 F.Supp. 132, 133 (D.Conn.1968) (removal ordered by Supreme Court was directed to another local union which was not a party to the challenged removal case).