**ONE SYLVAN ROAD NORTH ASSOCIATES, Plaintiff,**

v.

**LARK INTERNATIONAL, LTD., Defendant.**

**No. 3:95cv400(DJS).**

United States District Court, D. Connecticut.

June 22, 1995.

---

Janine M. Becker, Willinger, Shepro, Tower & Bucci, Bridgeport, CT, for plaintiff One Sylvan Road North Associates, a Conn. Gen. Partnership.

James R. Hawkins, II, Patrick J. McHugh, Finn, Dixon & Herling, Stamford, CT, for defendant Lark Intern. Ltd.

*MEMORANDUM OPINION AND ORDER*

SQUATRITO, District Judge.

## I. INTRODUCTION

This cause is now before the court on the motion to remand filed by Plaintiff, One Sylvan Road North Associates ("Sylvan"), on March 24, 1995. 28 U.S.C. § 1441(a). Document #5.

Sylvan originally filed this action against Defendant, Lark International Limited ("Lark"), in the Connecticut Superior Court for the Judicial District of Stamford/Norwalk at Norwalk (Housing Session) on April 6, 1994. It alleges breach of a lease agreement and seeks possession of the premises in question. Lark removed the case to this court for a second time on March 7, 1995. It maintains that the court has diversity jurisdiction. 28 U.S.C. § 1332.

For the reasons stated below, the motion to remand is granted.

## II. BACKGROUND

Sylvan is a Connecticut general partnership with its principal place of business in Connecticut. Notice of Removal ¶ 10. Lark is a corporation organized under the laws of the British Crown Colony of Hong Kong with its principal place of business in Hong Kong. *Id.*

On or about August 1, 1986, Sylvan entered into a written lease agreement with Lindblad Travel ("Lindblad") for the use and occupancy of the premises located at One Sylvan Road North or 232 Post Road West, Westport, Connecticut.[1] Lark's Memorandum at 2. On that same date, Sylvan and Lark entered into a written guarantee. Compl. (First Count) ¶ 2. Under the terms of the agreement, Lark guaranteed Lindblad's payment of rents and additional rents as required under the lease. *Id.* ¶ 3. Lind-

---

1. The court notes that there appears to be some confusion on the location of the premises. On the one hand, the Complaint alleges that the premises are located in Fairfield. Compl. (First Count) ¶ 1. On the other hand, Lark's Memoran- dum, the lease, and the modification agreements state that the premises are in Westport. Lark's Memorandum at 2; Lark's Ex. B ¶ 1; Lark's Ex. C at 1; Lark's Ex. D at 1.

blad then allegedly defaulted under the terms of the lease. *Id.* ¶ 4.

On or about October 4, 1993, Sylvan and Lark entered into a written modification agreement. *Id.* ¶ 5. On or about November 29, 1993, Sylvan and Lark entered into a second modification agreement. *Id.* ¶ 6. Under the terms of the lease and subsequent agreements Lark obtained an option to purchase the premises in question, which are valued at in excess of $2,000,00.00. Lark's Memorandum at 4.

On February 16, 1994, Sylvan provided Lark with a written notice of default, claiming that Lark had failed to pay the February 1994 rent. *Id.* ¶¶ 9–10. On March 9, 1994, Sylvan served on Lark a Notice to Quit requiring that the premises be vacated. *Id.* ¶ 11. Nevertheless, Lark continued to claim a right to possession and a right to exercise the option. *Id.* ¶ 12.

On April 6, 1994, Sylvan commenced a summary process action in state court. Lark removed the case to federal district court on April 21, 1994. In a Ruling filed on August 17, 1994, *United States District Judge Alfred V. Covello* ("Judge Covello") granted Sylvan's first motion to remand based on a finding that the court did not have subject matter jurisdiction. In sum, he concluded that only possession of the premises was at issue and that, therefore, the amount in controversy did not exceed $50,000.00. *One Sylvan Rd. Assocs. v. Lark Int'l Ltd.,* Civil No. 3:94–CV–655(AVC), slip op. at 4–5 (D.Conn. Aug. 17, 1994).

Subsequently, the case proceeded to trial in state court. Prior the completion of the trial, however, Lark removed the action to this court for a second time. This motion followed.

### III. STANDARD OF REVIEW

■ On a motion to remand, the court construes all factual allegations in favor of the party seeking the remand. *Metropolitan Property & Cas. Ins. Co. v. J.C. Penney Cas. Ins. Co.,* 780 F.Supp. 885, 887 (D.Conn.1991) (citations omitted). *See R.G. Barry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, 655 (2d Cir.1979). Moreover, it is well settled

that defendants, as the parties removing the action to federal court, have the burden of establishing federal jurisdiction. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Sullivan v. First Affiliated Secur., Inc.,* 813 F.2d 1368, 1371 (9th Cir.), *cert. denied,* 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987); *Metropolitan,* 780 F.Supp. at 889 (citations omitted).

### IV. DISCUSSION

Lark argues remand is inappropriate because (1) a subsequent ruling by a state court judge concluded, unlike Judge Covello's ruling, that the option would be affected by the outcome of this case and therefore, the amount in controversy is in excess of $50,000.00 and (2) testimony and evidence in the subsequent state court proceedings reveal that Sylvan is in fact seeking damages in excess of $50,000.00. The court does not agree.

#### A. Re-Removal

The court's analysis begins by recognizing that a decision to remand for lack of subject matter jurisdiction may not be appealed. 28 U.S.C. § 1447(d); *Hamilton v. Aetna Life & Cas. Co.,* 5 F.3d 642, 644 (2d Cir.1993) (per curiam), *cert. denied,* — U.S. ——, 114 S.Ct. 1100, 127 L.Ed.2d 413 (1994). It is axiomatic that remanding a case to state court terminates the jurisdiction of a federal district court over that case. Courts have construed 28 U.S.C. § 1447(d) as prohibiting appeals of remand orders as well as reconsiderations by district courts of their own remands based on the same grounds as the initial removal. *In re La Providencia Dev. Corp.,* 406 F.2d 251, 253 (1st Cir.1969) ("The district court has one shot, right or wrong."). Therefore, the court cannot engage in a review of Judge Covello's prior ruling.

■ Nevertheless, the fact that a case was initially removed and remanded does not in of itself preclude removal a second time around. A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal. *Fritzlen v. Boatmen's Bank,* 212 U.S. 364, 372–73, 29 S.Ct.

366, 369–70, 53 L.Ed. 551 (1909); *Powers v. Chesapeake & Ohio Ry. Co.*, 169 U.S. 92, 102, 18 S.Ct. 264, 267–68, 42 L.Ed. 673 (1898); *FDIC v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir.1979); *Employers Ins. of Wausau v. Certain Underwriters at Lloyds*, 787 F.Supp. 165, 169 (W.D.Wis.1992).

The second paragraph of 28 U.S.C. § 1446(b) is designed to allow a defendant to remove a state action when it was not originally removable as stated by plaintiff's initial complaint, but has become removable due to the filing in state court of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." [2] By adding the second paragraph of § 1446(b), Congress "'intended that a party be permitted successive removals.'" *Feller v. National Enquirer*, 555 F.Supp. 1114, 1116–17 (N.D.Ohio 1982) (citation omitted).

### B. Lark's Arguments

In its first argument, Lark maintains that "subsequent actions of the state court alone may justify the denial of a motion to remand the re-removal." Lark's Memorandum at 10. Specifically, it contends that a state judge's conclusion that the instant lawsuit will affect Lark's ability to exercise its option establishes that the amount in controversy is in excess of $50,000.00.[3] In support of its argument, Lark cites *Central of Ga. Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935 (5th Cir. 1970) and *Doe v. American Red Cross*, 14 F.3d 196 (3rd Cir.1993).

In *Central*, an employee filed a Federal Employers' Liability Act ("FELA") claim against his employer, Central of Georgia Railway Co. ("Central"), in Alabama state court. Central filed a third-party complaint against Riegal Textile Corporation ("Riegal"), claiming indemnity under the terms of a track agreement. Riegal removed the case to the federal district court for the Northern District of Alabama, alleging diversity jurisdiction between it and the employer. The district court granted motions to remand by the employee and Central.

Back in state court the employee moved to strike the third party complaint on grounds that it unduly prejudiced his claim. The state court severed the third party complaint for trial purposes and set the original action for trial. Once again Riegel removed the case to federal court under 28 U.S.C. § 1441(c).[4] The district court granted the employee's motion to remand the FELA case, but denied Central's motion and retained jurisdiction over the indemnity claim. It then certified the case for interlocutory appeal.

The Fifth Circuit affirmed the district court's conclusion that removal was appropriate under § 1441(c). The court, per Judge Godbold, concluded that "[w]here removal would not have the effect of defeating plaintiff's choice of forum, federal courts should recognize that a party in Riegel's position is as much a 'defendant' as if an original action had been brought against him." *Central*, 426 F.2d at 938.

In *Doe*, the American Red Cross ("Red Cross") and its affiliates were sued in Pennsylvania state court by plaintiffs claiming

---

**2.** Paragraph 2 of 28 U.S.C. § 1446(b) states:

If the case stated by the initial pleadings is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

**3.** In a Memorandum of Decision dated February 21, 1995, Superior Court Judge Kevin Tierney articulated the reasoning behind his September 13, 1994 denial of Lark's motion to dismiss. As part of his analysis he concluded that:

[t]his lawsuit will determine the rights of the parties as to future occupancy and the right of the defendant to exercise its option to purchase the property. The option price is $2,700,000 and this amount is sufficient to affect even the largest business entities.

Lark's Ex. H. at 10.

**4.** 28 U.S.C. § 1441(c) reads:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

that they had contracted Acquired Immune Deficiency Syndrome ("AIDS") through contaminated blood transfusions and that their injuries were caused by negligence on the part of the Red Cross. The Red Cross removed the cases to the federal district court in the Eastern District of Pennsylvania. The cases were remanded to state court without prejudice to defendants' right to petition for re-removal should the case law of the jurisdiction change during the life span of the case, stating that removal would be proper.

Subsequently, in *American National Red Cross v. S.G.*, 505 U.S. 247, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992), the Supreme Court held that 36 U.S.C. § 2, the "sue and be sued" provision in the Red Cross' congressional charter, conferred original jurisdiction on federal courts. *Id.* 257, 112 S.Ct. at 2472. In an interlocutory appeal, the Third Circuit addressed the issue of whether *S.G.* authorized the re-removal of a state court action against the Red Cross under 28 U.S.C. § 1446(b). It concluded that the *S.G.* opinion was an "order" addressed to the Red Cross as contemplated by § 1446(b). *Doe*, 14 F.3d at 198. Re-removal was, therefore, appropriate because the Red Cross was a critical party in the *S.G.* case, and had filed a timely notice of removal after receiving an "order" from the Court. *Id.*

■ Although Lark is correct that *Central* and *Doe* support the proposition that subsequent actions can justify re-removal, the court concludes that the state court's ruling in the present case does not provide a sufficient basis for finding subject matter jurisdiction. Unlike *Central* and *Doe,* there has not been a substantial change in the nature of the instant case since it was last in this court. The state court judge's ruling, within the jurisdictional context, is merely a "second opinion" on the financial ramifications of the case. It does not provide a new basis upon which to establish jurisdiction.

To exercise jurisdiction based on this "second opinion" would amount to de facto appellate review, which is barred by 28 U.S.C. § 1447(d). Moreover, to exercise jurisdiction based on a subsequent state court decision

on an issue previously ruled on by the federal district court without a material change in the pleadings would destroy the finality of an order to remand and the Congressional policy of not permitting interruption of the litigation of the merits of a removed case by prolonged litigation of jurisdictional questions. *O'Bryan v. Chandler,* 496 F.2d 403, 412 (10th Cir.) (citation omitted), *cert. denied,* 419 U.S. 986, 95 S.Ct. 245, 42 L.Ed.2d 194 (1974).

■ Lark's second argument is no more persuasive than its first. In it, Lark contends that subsequent testimony and evidence indicate that Sylvan is seeking rents in excess of $50,000.00 and would like to have the option terminated. Lark's Memorandum at 11–17. In support of this argument, Lark first points to Sylvan's introduction, at the state court trial, of a tenant ledger reflecting rental payments from 1986 through 1994. It also points to correspondences introduced by Sylvan which address the issue of unpaid rent for November and December of 1992. These unpaid rents combined with the February rent are in excess of $50,000.00. Lark further directs the court to the testimony of Mr. Schinella ("Schinella") of Sylvan, who testified that Sylvan wanted to "get rid of Lark's option." Lark's Ex. N at 71–73. Finally, it maintains that it has initiated the process of exercising the option.

Lark argues that the introduction of the ledger and correspondences at trial "conclusively establishes that Plaintiff's civil action involves an alleged default for failure to pay rent in November and December 1992 and from February through October 1994, an amount of at least $118,125.00." Lark's Memorandum at 12 (emphasis omitted).

A review of the transcript of the state court hearing in question reveals, however, that Sylvan did not commence this action to recover unpaid rents in excess of $50,000.00. First, Sylvan's counsel, Mr. Shepro ("Shepro") stated that under the Complaint his client was not seeking and could not recover for any unpaid rent other than the February 1994 rent.[5] Moreover, Schinella later testi-

---

5. During the hearing, Shepro stated:

MR. SHEPRO: It's irrelevant what Mr. Schi-

fied that in the present action Sylvan's claim was exclusively based on the default of the February rent. *Id.* at 53.

Although Sylvan has introduced evidence and testimony in the state court proceeding that could be used in proving a case for the recovery of additional unpaid rents, its Complaint seeks only possession and its attorney has conceded that it is bound by its pleadings. Therefore, Lark has not established that the amount in controversy is in excess of $50,000.00 or that the termination of the option is at issue. Its new evidence and testimony do not present a different set of facts which establish a new ground for removal. *O'Bryan*, 496 F.2d at 410.

Thus, Lark's second argument, like its first, requires this court to engage in a de facto appellate review of Judge Covello's previous remand order. Such review is not available. 28 U.S.C. § 1447(d). Absent a showing that the posture of the case has so changed that it is substantially a new case, *Feller*, 555 F.Supp. at 1119, this court must defer to Judge Covello's prior ruling as well as the allegations within the Complaint.

## CONCLUSION

For the foregoing reasons, Sylvan's motion to remand [Doc. # 5] is GRANTED. Accordingly, this case is hereby REMANDED to the Connecticut Superior Court for the Judicial District of Stamford/Norwalk at Norwalk (Housing Session). The Clerk of the court is DIRECTED to take the necessary action to effect the remand. So ordered.

nella may say on the stand is his present claim. We're bound by the pleadings; count one specifically refers to February 1, 1994, the second count refers to annual rent. They have to pay additional rent which I didn't get into, so we're waiving additional rent claim. And count three incorporates paragraph nine, again, of the first count, which talk about February 1

rent. So it's irrelevant. If this witness wants to say that I'm claiming that the $28,000 wasn't paid for November and December, that's not part of the case.

. . . . .

MR. SHEPRO: It's due, but it's not part of this case.
Sylvan's Ex. K at 52.