**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EMILE HADDAD,
Plaintiff-Appellant,

v.

No. 98-2319

VIRGINIA POLYTECHNIC INSTITUTE AND
STATE UNIVERSITY,
Defendant-Appellee.

EMILE HADDAD,
Plaintiff-Appellant,

v.

No. 98-2342

VIRGINIA POLYTECHNIC INSTITUTE AND
STATE UNIVERSITY,
Defendant-Appellee.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-98-963-A, CA-98-964-A)

Submitted: December 22, 1998

Decided: February 12, 1999

Before NIEMEYER and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Emile Haddad, Appellant Pro Se. Jerry Dean Cain, Kay Heidbreder, VIRGINIA POLYTECHNIC INSTITUTE & STATE UNIVERSITY, Blacksburg, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Emile Haddad appeals from the district court orders dismissing Civil Action No. 98-964-A (Haddad III) and Haddad's due process and ADEA claims from Civil Action No. 98-963-A (Haddad II), and remanding the remaining state law claims in Haddad II to state court. Because we find that the district court improperly exercised jurisdiction over Haddad II and Haddad III, we vacate the orders and remand.

Haddad asserts that under 28 U.S.C. § 1447(d) (1994),* the district court was foreclosed from reconsidering its earlier orders remanding Haddad II and Haddad III to state court. In response, Virginia Tech argues that the district court properly exercised jurisdiction over the cases in light of Wisconsin Dep't. of Corrections v. Schacht, ___ U.S. ___, 66 U.S.L.W. 4531 (U.S., June 22, 1998) (No. 97-461), in which the Supreme Court held that the presence of Eleventh Amendment-barred claims in an otherwise removable case does not destroy removal jurisdiction over the non-barred claims, thereby overruling this court's decision in Haddad v. Virginia Polytechnic Inst. & State University, No. 97-2388 (4th Cir. May 5, 1998) (unpublished).

_____

*That statute provides, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."

2

Virginia Tech maintains that the Supreme Court's decision in Schacht provided a basis upon which it could re-remove Haddad II and Haddad III to federal court. In support of its claim Virginia Tech directs this court's attention to the statutory language of 28 U.S.C. § 1446(b) (1994), which provides, in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Virginia Tech asserts that under this court's decision in Haddad v. Virginia Polytechnic Inst. & State University, No. 97-2388 (4th Cir. May 5, 1998) (unpublished), Haddad II and Haddad III were initially not removable to federal court. However, the Supreme Court's decision in Schacht made the cases removable. Therefore, it concludes that its notices of removal filed within thirty days of the Schacht decision provided the district court with the authority to exercise jurisdiction over the cases.

We find that the district court's remand orders issued in accordance with this court's directions in Haddad v. Virginia Polytechnic Inst. & State University, No. 97-2388 (4th Cir. May 5, 1998) (unpublished), divested the district court of jurisdiction over Haddad II and III, and precluded it from entertaining Virginia Tech's re-filed notices of removal. Under 28 U.S.C. § 1447(d), a district court is precluded from reviewing a previously issued remand order based on grounds identified in § 1447(c). See Three J. Farms, Inc. v. Alton Box Bd. Co., 609 F.2d 112, 115-16 (4th Cir. 1979); Gravitt v. Southwestern Bell Tel. Co., 430 U.S. 723, 723-24 (1977). The bar to reviewing an earlier remand order applies even if the district court's remand order was based on erroneous principles or analysis. See Gravitt, 430 U.S. at 723; Van Meter v. State Farm Fire & Casualty Co. , 1 F.3d 445, 449 (6th Cir. 1993). The remand at issue here was based on lack of jurisdiction, a ground identified in § 1447(c). Therefore, § 1447(d) foreclosed the district court from exercising jurisdiction over Haddad II and Haddad III.

3

We reject Virginia Tech's claim that its notices of removal were timely and appropriately considered in light of the intervening Supreme Court decision. The term "other paper" in § 1446(b) does not include a subsequently decided decision issued in an unrelated action. See Doe v. American Red Cross, 14 F.3d 196, 202-03 n.5, 6 (3d Cir. 1993) (citing cases but not deciding issue); Lozano v. GPE Controls, 859 F. Supp. 1036, 1038 (S.D. Tex. 1994) (citing cases); Phillips v. Allstate Ins. Co., 702 F. Supp. 1466, 1468-69 (C.D. Cal. 1989) (noting virtually every court addressing the issue has concluded that intervening case law is not an "other paper"). Therefore, the Schacht decision did not provide Virginia Tech with a basis upon which to re-remove these cases to federal court.

Accordingly, the district court's prior orders remanding Haddad II and Haddad III to state court divested it of jurisdiction over those cases and precluded it from adjudicating Virginia Tech's motion to strike and motion to dismiss. We therefore vacate the district court's orders dismissing Haddad III and the ADEA and due process claims in Haddad II, and remand with instructions for the district court to remand the cases to the state court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4